**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**ASRIEALE HASSEL**
**ADC #711833**                                                                              **PLAINTIFF**

**V.**                              **CASE NO. 5:14-CV-217 JLH/BD**

**BERNARD WILLIAMS, et al.**                                              **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.      Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to United

States District Judge J. Leon Holmes.  Any party may file written objections to this

Recommendation.

Objections must be specific and must include the factual or legal basis for the

objection.  An objection to a factual finding must identify the finding of fact believed to

be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the

United States District Court Clerk within fourteen (14) days of this Recommendation.  A

copy will be furnished to the opposing party.

If no objections are filed, Judge Holmes can adopt this Recommendation without

independently reviewing all of the evidence in the record.  By not objecting, you may also

waive any right to appeal questions of fact.

Mail your objections to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## II.   <u>Discussion</u>:

Asrieale Hassel, an Arkansas Department of Correction ("ADC") inmate housed at the McPherson Unit, filed this lawsuit pro se under 42 U.S.C. § 1983, claiming that Defendants violated her eighth amendment rights, as well as the Americans with Disabilities Act ("ADA").   Previously, the Court dismissed Ms. Hassel's ADA claim, as well as her claims against Defendants Hobbs, Naylor, Dixon, Faust, Harris, and Kelley. (Docket entries #19, #28)

Now pending is Defendant Williams's motion to dismiss.  (Docket entry #25)  Ms. Hassel has not responded to the motion, and the time for responding has passed.  The Court recommends that Defendant Williams's motion to dismiss (#25) be GRANTED, and that Ms. Hassel's claims against Defendant Williams be DISMISSED, without prejudice.

Ms. Hassel identifies Defendant Williams as the "medical Administrator of *Access Corrections*" at the ADC.  (#1 at p.2)  She does not specifically attribute any unconstitutional conduct to Defendant Williams in the body of her complaint. *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007)("Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To

establish personal liability of the supervisory defendants, [the plaintiff] must allege

specific facts of personal involvement in, or direct responsibility for, a deprivation of his

constitutional rights") (internal quotation marks and citation omitted).  Although

Defendant Williams responded to one of Ms. Hassel's grievances, participation in the

grievance process is insufficient to establish liability under § 1983.  (#1 at p.8)  *Rowe v.*

*Norris*, 198 Fed. Appx. 579, *1 (8th Cir. 2006) (unpublished) (per curiam).  Moreover,

according to Ms. Hassel's grievance papers, Defendant Williams informed Ms. Hassel

that she could go the medical department to shower and use the restroom.  (#1 at p.9)

Accordingly, Ms. Hassel has failed to state a deliberate-indifference claim against

Defendant Williams.

**III.   Conclusion:**

The Court recommends that Defendant Williams's motion to dismiss (#25) be

GRANTED, and that Ms. Hassel's claims against Defendant Williams be DISMISSED,

without prejudice.

DATED this 2nd day of September, 2014.

_____

UNITED STATES MAGISTRATE JUDGE